## SNOWDEN *vs.* GRICE.

A note given for guano contained the following provision : "It is expressly understood and covenanted, that said Edward Snowden sells said commercial manure as to its quality and effect on crops, on the analysis of the inspector whose brand is on every sack, said inspector is hereby constituted and recognized as my agent, and I agree to be bound by his inspection as made and indicated by his brand on each and every sack" :

*Held,* that in a suit thereon the defendant was not estopped from proving by parol that the sack was not branded, and that the fertilizer was worthless.

Contracts. Estoppel. Evidence. Before Judge Buchanan. Campbell Superior Court. August Term, 1878.

Reported in the decision.

George Latham, for plaintiff in error, cited Code, §§2714, 1572, 2651; *Jackson vs. Langston & Crane* (August term, 1878); *Cleghorn, Herring & Co. vs. Wiggers*, same term.

No appearance for defendant.

WARNER, Chief Justice.

Snowden sued the defendant in a justice court on the following note :

"On or before the first day of November next, I promise to pay Edward Snowden or order, seven $\frac{50}{100}$ dollars, for one bag of commercial manure known as cotton compound ammoniated dissolved bone phosphate. [Then follows the cotton option, etc.] It is expressly understood and covenanted, that said Edward Snowden sells said commercial manure as to its quality and effect on crops, on the analysis of the inspector whose brand is on every sack, said inspector is hereby constituted and recognized as my agent, and I agree to be bound by his inspection as made and indicated by his brand on each and every sack.
    (Signed)                                          Q. C. GRICE.".

The justice gave judgment in favor of the defendant, on his evidence that there was no brand on the sack, and that said commercial manure was worthless. The plaintiff sued out a *certiorari* to the superior court, alleging as error therein, that the justice erred in allowing the parol evidence of the defendant at the trial, and in rendering judgment for the defendant. The court, upon hearing the *certiorari*, dismissed it and affirmed the judgment of the justice. Whereupon the plaintiff excepted.

This case is distinguishable from that of *Jackson vs. Langston & Crane* (decided at the August term, 1878, not yet reported) in this, that the sack containing the fertilizer sold by the plaintiff to the defendant was not actually branded as contemplated by the contract of the parties. The fair interpretation of the contract is that the plaintiff sold the fertilizer as to its quality and effect on crops, on the analysis of the inspector whose brand was on every sack sold, and the defendant agreed to be bound by that analysis of the inspector when his brand was on the sack sold, but not otherwise. If the brand of the inspector was not on the sack of the fertilizer sold by the plaintiff, then it was not embraced within the terms of the contract, and the defendant was not estopped from proving that fact.

Let the judgment of the court below be affirmed.